Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000471
23-FEB-2018
07:49 AM

NO. CAAP-16-0000471

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
BRANNON SHAWN MARKS,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 16-1-0098)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i charged Defendant-Appellee Brannon Shawn Marks via Felony Information and Non-Felony Complaint with Forgery in the Second Degree in violation of Hawaii Revised Statutes ("HRS") section 708-852 (2014) (Count 1), Unauthorized Possession of Confidential Personal Information ("UPCPI") in violation of HRS section 708-839.55 (2014) (Count 2), and Identity Theft in the Third Degree in violation of HRS section 708-839.8 (2014) (Count 3). Marks moved to dismiss the UPCPI charge on the grounds that HRS section 708-839.55 was unconstitutionally vague and overbroad, and the complaint was defective because it did not define "confidential personal information" and thus failed to provide Marks with notice of the nature and cause of the State's accusation.[1]

_____

[1]   The State subsequently requested and was permitted to amend the complaint to include the definition of "confidential personal information" as defined in HRS section 708-800 (2014). The amended complaint specifically
(continued...)

The Circuit Court of the First Circuit ("Circuit Court")[2/] granted Marks' motion in part and dismissed the UPCPI charge in Count 2 with prejudice on the basis that it was unconstitutionally overbroad. Marks' motion was denied as to his argument that the statute is unconstitutionally vague and punitive.

The State appeals from the "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Count 2 for Unconst[itut]ionally Br[oa]d, Vague and Punitive Statute and for Violation of Due Process" ("Order Granting Motion to Dismiss"), filed on June 13, 2016 in the Circuit Court. Here, the State argues that the Circuit Court erred (1) in concluding that the UPCPI statute was unconstitutionally overbroad, and (2) to the extent that it concludes that no state of mind is required for the offense of UPCPI.

Based on the Hawai'i Supreme Court's decision in *State v. Pacquing*, 139 Hawai'i 302, 389 P.3d 897 (2016), we concur with the State's first assertion of error.

Marks was charged with possessing another person's bank account number without that person's authorization. HRS chapter 708 defines "confidential personal information" as "information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number[.]" Haw. Rev. Stat. § 708-800. In accordance with *Pacquing*, the UPCPI statute was not facially overbroad. *See Pacquing*, 139 Hawai'i at 310-13, 389 P.3d at 905-08. As our resolution of this issue is dispositive, we do not reach the question of whether the Court concluded that no state of mind was required for the offense of UPCPI.

---

[1/] (...continued)
charges Marks with "intentionally or knowingly possess[ing], without authorization, any confidential information of [victim,] to wit the bank account number of [victim] ending in x8626 appearing on two (2) personal bank checks, including but not limited to mail, physical documents, identification cards, or information stored in digital form . . . ."

[2/] The Honorable Shirley M. Kawamura presided.

Therefore, we vacate the Order Granting Motion to Dismiss and remand the case to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:   Honolulu, Hawaiʻi, February 23, 2018.


On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge